J-A08010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WESLEY RIVERA | : | |
| | : | |
| Appellant | : | No. 180 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008647-2018

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED MAY 21, 2026**

Wesley Rivera appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions of one count each of possession with intent to deliver—marijuana (PWID),[1] criminal use of a communication facility,[2] and possession of a controlled substance—marijuana.[3]   After review, we vacate Rivera's judgment of sentence and remand for resentencing.

On April 5, 2019, Rivera entered an open guilty plea to the above-mentioned offenses.  That same day, Rivera was sentenced to concurrent

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 7512(a).

[3] 35 P.S. § 780-113(a)(16).

sentences of 11½ to 23 months' incarceration followed by three years' probation. The trial court imposed no sentence for Rivera's possession of a controlled substance—marijuana conviction. The trial court also imposed additional probation conditions, which are, relevantly, as follows: no access to firearms, random urine tests for controlled substances, and 50 hours of community service.

The trial court summarized the remaining factual and procedural history as follows:

> On April 1, 2020, when the [c]ourts were entertaining early parole petitions due to the [COVID-19] shutdown, the Honorable Kai Scott granted [Rivera] early parole on the county incarceration sentences.
>
> On May 5, 2021, an Allegheny County warrant was issued for [Rivera] on the charge of possession of a firearm by a prohibited person. [Rivera]'s then[-]probation officer learned of the warrant on May 26, 2021, and directed [Rivera] to turn himself in to resolve the active warrant, which [Rivera] assured the probation officer he would do. [Rivera] did not turn himself in and[,] on June 14, 2021[,] a probation violation bench warrant was issued for [Rivera].
>
> On June 26, 2022, [Rivera] was arrested in Allegheny County and charged with[, *inter alia*,] carrying firearm without a license [(2022 Allegheny County case)]. [Rivera] was also charged under the aforementioned Allegheny County warrant with [, *inter alia*, possession of a firearm by a prohibited person [(2021 Allegheny County case)]. This court's warrant was lifted, and a probation violation detainer was issued on May 27, 2022.
>
> On October 12, 2022, [Rivera] was found guilty of [only] possession of marijuana [] in the 2022 Allegheny County case. On November 8, 2023, [Rivera] entered a plea of guilty in the 2021 Allegheny County case, and on February 6, 2024, [Rivera] was sentenced[, in that case, to concurrent sentences of] five years['] probation on the possession of firearm by a prohibited person

conviction, . . . [three] to [six] years['] incarceration on the firearms not to be carried without a license conviction and [six] to [twelve] months['] incarceration on the license suspension conviction. No further sentence was imposed for the [remaining convictions].

[A] *Gagnon II*[4] violation hearing was . . . held on June 26, 2024, at which time [Rivera] was found in both direct and technical violation of his probations. He was sentenced to [one] to [six] years['] incarceration on the PWID conviction, and a consecutive sentence of [one] to [five] years['] incarceration on the [criminal use of a communication facility] conviction. The sentences were imposed to run consecutive[ly] to any sentences [Rivera] was then serving.

[Rivera] filed a motion for reconsideration on July 8, 2024[, which] was denied without a hearing on August 22, 2024.

On September 10, 2024, [Rivera] filed a petition under the Post Conviction Relief Act[ (PCRA), *see* 42 Pa.C.S.A. §§ 9541-9546,] seeking to have his appellate rights reinstated based upon the ineffectiveness of his counsel in failing to timely file a notice of appeal. On October 7, 2024, the court removed the Defender Association as counsel . . . [after] concluding it was a conflict for the Association to allege its own ineffectiveness. New counsel was appointed . . . and[,] on December 5, 2024, the [PCRA] petition was granted and [Rivera]'s appellate rights were reinstated. A second order granting the petition was issued on January 2, 2025, withdrawing appointed counsel and reappointing the Defender Association for [Rivera's] appeal.

Trial Court Opinion, 5/25/25, at 1-3 (some capitalization omitted).

Rivera filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Rivera raises the following claim for our review: "Did the trial court abuse its discretion and commit an error of law by considering an impermissible factor, conduct for

_____

4 *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

which [] Rivera had been acquitted, in imposing a more severe sentence?" Brief for Appellant, at 3.

Prior to addressing Rivera's claim, we discern that the trial court applied an outdated version of 42 Pa.C.S.A. § 9771 and, as a result, we are constrained to vacate Rivera's judgment of sentence and remand for resentencing. Recently, this Court, sitting en banc, concluded that Act 44 amended section 9771 as of June 11, 2024, and applied to all "defendants who were sentenced or resentenced on or after June 11, 2024, and, with [the] exception of the portion of Act 44 codified at 42 Pa.C.S.[A.] § 9774.1, appl[ies] retroactively to defendants sentenced or resentenced before that date." *Commonwealth v. Seals*, --- A.3d ---, 2026 WL 739101 (Pa. Super. 2026) (en banc).

Here, Rivera's *Gagnon II* hearing was conducted on June 26, 2024, fifteen days after Act 44 came into effect, and he was sentenced on the same date under the prior version of section 9771. *See* Trial Court Opinion, 5/25/25, at 4-8; *see also* 42 Pa.C.S.A. § 9771 (effective December 18, 2019 to June 10, 2024). Thus, the trial court's application of the now-outdated statute constitutes an error of law, and we are constrained to vacate and remand for a new sentencing hearing pursuant to section 9771 and *Seals*.[5]

_____

[5] As a result of our conclusion, we make no determination as to the validity of Rivera's sentence pursuant to *Seals* but note that *Seals* primarily discussed technical violations of probation and the application of subparagraphs 9771(c)(1)(ii)-(iii) and (c)(2). *See Seals*, *supra*. Here, Rivera conceded that
*(Footnote Continued Next Page)*

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2026

---

he was in direct violation of his probation. ***See*** N.T. ***Gagnon II*** Hearing, 6/26/24, at 4 (Rivera's counsel conceding Rivera committed two direct violations).